# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2021

Lyle W. Cayce
Clerk

No. 20-10156

Reed Migraine Centers of Texas, P.L.L.C.; Neuro Stim Technologies, L.L.C.,

*Plaintiffs—Cross Claimants - Appellants*,

*versus*

Dr. Jack Chapman, et al,

*Defendants*,

*versus*

Mark A. Ticer, doing business as Law Office of Mark A. Ticer,

*Counter Defendant—Cross Claimant - Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-1204

Before Barksdale, Southwick and Graves, *Circuit Judges*.

PER CURIAM:*

This is an appeal of the district court's grant of a Federal Rule of Civil Procedure 60(b)(5) motion in a dispute over attorney's fees stemming from an underlying action regarding the promotion and sale of a medical procedure. Because we lack jurisdiction, we DISMISS.

## FACTS AND PROCEDURAL HISTORY

Dr. Kenneth Reed, a member of both Reed Migraine Centers of Texas, LLC and Neuro Stim Technologies, LLC, (collectively "Reed"), developed a neurostimulation implant procedure for migraine headaches. Dr. Jack Chapman was a former partner physician with Reed Migraine. Chapman formed a competing company with others, including another former employee of Reed Migraine and Neuro Stim (Collectively "Chapman"). Chapman then began marketing a surgical migraine procedure allegedly identical to the Reed procedure. Thereafter, Reed filed suit against Chapman for false advertising, unfair competition, tortious interference with reasonable expectancy, and civil conspiracy.

After Reed and Chapman settled their dispute, Reed's former counsel, Mark Ticer, claimed an interest in the settlement proceeds. Chapman successfully sought to interplead the disputed funds to be paid in settlement under Rule 22 of the Federal Rules of Civil Procedure. Reed and Chapman dismissed their claims against each other, leaving only the claims between Reed and Ticer over the interpleaded settlement funds. The district court did not exercise supplemental jurisdiction over the crossclaims and entered final judgment on June 15, 2016. On November 3, 2016, the district court stayed distribution of the funds pending resolution of the state court proceeding over who was entitled to the funds. After the state court granted

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10156

summary judgment to Reed and dismissed Ticer's claims, the district court lifted the stay on April 11, 2018, and ordered the clerk to disburse the funds to Reed.  On December 4, 2018, the state court's summary judgment was reversed on appeal and the matter was remanded for further proceedings. The state appellate court issued its mandate to the state trial court on April 26, 2019.

Ticer then filed a Rule 60(b)(5) motion asking the district court for relief from its prior order to disburse the funds.  On January 7, 2020, the district court granted the Rule 60(b)(5) motion and ordered the Reed parties to return the interpleaded funds to the court's registry within 30 days.

Reed appealed on February 6, 2020.  Reed also appealed the district court's subsequent order extending the deadline for compliance.  After the district court denied a stay, Reed then filed an opposed motion for a temporary stay pending appeal before this court.  On April 3, 2020, a panel of this court denied the motion and gave Reed until April 22, 2020, to comply with the district court's order regarding the return of the interpleaded funds to the district court's registry.

After Reed failed to comply with the district court's order, Ticer filed a contempt motion on June 30, 2020.  On November 11, 2020, the district court denied the motion for contempt, finding that it was currently factually impossible for Reed to comply with the order.

## DISCUSSION

Reed asserts that this court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and cites to the unpublished case of *Muncy v. City of Dallas*, 123 F. App'x 601, 604 (5th Cir. 2005).  Ticer counters that those references do not support jurisdiction and asserts that this court lacks jurisdiction under *Parks v. Collins*, 761 F.2d 1101 (5th Cir. 1985) and *Carter v. Fenner*, No. 94-30506, 1995 WL 153099 (5th Cir. Mar. 23, 1995).

Section 1291 states, in relevant part, that courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. In *Muncy*, this court concluded that a post-judgment order disbursing checks held in the district court's registry was a final appealable order. 123 F. App'x at 605. However, the order in question involved a final determination of the status of checks deposited in the district court's registry. This court reached its conclusion based on "the circumstances of this case," while acknowledging that "[v]ery often, an order to disburse funds from the court registry will be 'ministerial'" and not a final appealable order. *Id*. at 604. "Where, on the other hand, a post-judgment order resolves important questions that arise after a final judgment, appellate review is available to test the trial court's disposition." *Id*.

In *Parks*, this court concluded that an order granting a Rule 60(b) motion to set aside a default judgment was interlocutory and non-appealable. 761 F.2d at 1104. This court also said, "[w]hen an order granting a Rule 60(b) motion, merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and is interlocutory and nonappealable." *Id*. (internal marks and citations omitted). This court reiterated that conclusion in *Carter*, concluding that it was without jurisdiction to consider the appeal of the district court's grant of a motion to set aside a $1 million consent judgment. 1995 WL 153099, at *1. Further, "[a]n order granting Rule 60(b) relief is appealable following the entry of final judgment." *Id*.

This case does not yet involve a final determination of the status of the interpleaded funds. Instead, it involves Rule 60(b)(5) relief from a prior order to disburse funds. The district court was not disbursing funds to the other party, but merely ordering that they be returned to the court's registry pending the outcome of the state court action on remand. As the district

court said, there has been no decision on who is entitled to the money. The final judgment has been set aside. Thus, this court lacks jurisdiction to hear this appeal.

Reed attempts to counter this by asserting that the order is final and appealable because it divests it of present ownership and use of property and disposes of all issues in the Rule 60(b) motion. However, the additional authority Reed cites, *In re Farmers' Loan & Trust Co.*, 129 U.S. 206, 214-215 (1889), is not applicable. *In re Farmers' Loan & Trust* involved a writ of mandamus directing the judges of the circuit court to approve sufficient bond and allow an appeal of an order authorizing receivers of a railway company to borrow the sum of $120,000 on certificates, which would then be a first lien on the property at issue. That is nothing like this case.

Alternatively, Reed asserts that the order is appealable because it has the practical effect of an injunction. Reed says that it cannot be upheld as an injunction because it fails to meet the basic requirements of such relief. Reed cites *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287-88 (1988), and *Korea Shipping Corp. v. N.Y. Shipping Ass'n*, 811 F.2d 124, 126 (2d Cir. 1987).

In *Gulfstream Aerospace*, the Supreme Court held that orders granting or denying stays of legal proceedings on equitable grounds are not immediately appealable. 485 U.S. at 287. In doing so, the Court said:

> This holding will not prevent interlocutory review of district court orders when such review is truly needed. Section 1292(a)(1) will, of course, continue to provide appellate juris-diction over orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence.

*Id.* at 287-88 (internal marks and citation omitted).

No. 20-10156

In *Korea Shipping*, the Second Circuit Court of Appeals dismissed an appeal of district court orders requiring an employer seeking to withdraw from a multiemployer pension plan to continue to make disputed payments during the litigation which would be placed in escrow. 811 F.2d at 126. In doing so, the court concluded that the orders were not preliminary injunctions and were not appealable as there was no showing of irreparable harm. *Id.* at 127.

Here, the order does not have the practical effect of granting or denying an injunction, nor does it have irreparable consequence. Again, there has been no decision as to disbursement of the money and there has been no final judgment. The previous final judgment on which Reed repeatedly attempts to rely no longer exists.

Further, other than repeatedly referring to the order granting the rule 60(b) motion as the "2020 Interpleader Order," Reed offers no authority to support the proposition that it is an interpleader order or has the effect of an interpleader. To the contrary, Reed's argument as to how the order does not meet the interpleader requirements firmly establishes that this is not an interpleader order, nor does it have the effect of one.

For these reasons, we dismiss the appeal for the lack of jurisdiction.

DISMISSED.